IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:26-CR-072-Z (01) |
| ROCKY NAVARRO (01) | |

## FACTUAL RESUME

In support of Rocky Navarro's plea of guilty to the offense in Count Two of the indictment, Navarro, the defendant, Eric Coats, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Distribution or Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly distributed or possessed a controlled substance;

*Second.* That the substance was in fact methamphetamine; and

*Third.* That the defendant distributed the substance or possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024) (Modified to incorporate distribution of a controlled substance. *See United States v. Ambriz*, 727 F.3d 378, 382-84 (5th Cir. 2013)).

## STIPULATED FACTS

1. Rocky Navarro admits and agrees that on March 3, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally distribute or possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On March 3, 2026, Drug Enforcement Administration (DEA) agents utilized a confidential source (CS) to make a purchase of methamphetamine from Rocky Navarro in Dimmitt, Texas. The CS contacted Navarro and arranged to purchase several grams of methamphetamine for $70.

3. On that day, an undercover officer (UC) drove the CS to Navarro's residence. Once at the residence, the CS knocked on the door and was let inside by a female. The CS walked over to Navarro's bedroom door and knocked. Navarro opened the door and walked back into the bedroom. A short time later, Navarro walked out of the bedroom and handed the CS a plastic baggie of suspected methamphetamine. The CS paid Navarro for the methamphetamine. The CS departed the residence and turned over the suspected methamphetamine to DEA agents.

4. The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 3.25 grams and a purity of 97 percent.

5. Navarro admits that on March 3, 2026, he knowingly distributed or possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

6. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the indictment.

AGREED TO AND STIPULATED on this 30th day of September, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

Rocky Navarro
Defendant

ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

Eric Coats
Attorney for Defendant